IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JASON BUHALIS,<br>      Plaintiff, | )<br>)<br>) |
| v. | )   No.<br>) |
| CHAMPION MOTORS, INC. and<br>ANDERSON ROSA | )   Trial by Jury Demanded<br>)<br>) |
|       Defendants. | )<br>) |

## COMPLAINT

Plaintiff, Jason Buhalis ("Buhalis"), by his undersigned attorneys, complains against Defendants Champion Motors, Inc. ("Champion Motors") and Anderson Rosa ("Rosa") as follows:

## Preliminary Statement

1. This is a consumer fraud lawsuit for a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 et seq. arising out of the misrepresentations and omissions of material fact made by Defendants to induce Buhalis, a homeless wounded Persian Gulf United States Marine veteran living in a basement in Chicago, Illinois to purchase a dangerous and malfunctioning used car. The car could not be driven because it had a worn-out suspension and malfunctioning power train, and leaked oil when driven, among other known material defects. Defendants declined to unwind the transaction causing Buhalis to suffer severe emotional distress due to his frail physiological condition and PTSD. This suit followed.

## Summary of the Facts

2. On or about July 20, 2021, Buhalis purchased a 2007 Audi Cabriolet Quattro (VIN WAUDF48H97K036850) ("Audi" or "vehicle") from Champion for a price of $9,450.00 including a documentation fee. *See* Exhibit 1. Champion Motors shipped the Audi to Buhalis in Chicago,

1

Illinois where he was residing for an added charge of $450. All communications by and between Buhalis and Defendants (which induced Buhalis to purchase the Audi) occurred when Buhalis was in Illinois residing in a Chicago area basement. He was only able to live in this basement because some charitable individuals made it available to him because he was a homeless disabled Persian Gulf Marine veteran suffering from severe PTSD.

3. Buhalis purchased the 2007 Audi after being deceived by Champion Motors and its Manager, Anderson Rosa. Defendants deceived Buhalis by misrepresenting or omitting numerous material facts in the eBay listing for the Audi, which Buhalis viewed from Illinois before deciding to purchase it and only after three days of phone discussions with Rosa.

4. Before contacting Champion Motors, Buhalis looked at its eBay listing for the Audi which omitted to disclose the following known negative facts which would have caused any reasonable consumer not to purchase the car. These omitted facts included: (a) its many material structural and mechanical defects, including a non-functioning power train and worn out suspension; (b) it could not be driven safely as there was a danger of catastrophic engine failure; and (c) it could not pass an emissions test.

5. In reliance on the online advertisement, Buhalis contacted Champion Motors and spoke to Rosa over the telephone from Chicago, Illinois. Over the course of several days, in response to questions by Buhalis about the Audi's condition, Rosa misrepresented, among other material facts, that the Audi had been inspected, ran perfectly, was a "9 or 9 ½ out of 10", was in turnkey condition, and that the suspension worked properly. Throughout these discussions in which Buhalis kept asking for affirmation that the Audi ran properly, Rosa omitted to disclose that the Audi: (a) had many material structural and mechanical defects including non-functioning power train and worn out suspension, and (b) could not be driven safely or pass an emissions test.

6. No reasonable consumer would have purchased the Audi sight unseen, as Buhalis did, without the reassurances by Rosa that the Audi ran properly. In reliance on the online advertisement and Rosa's repeated misrepresentations and omissions, Buhalis went ahead with the purchase.

7. Had Buhalis known the truth about the Audi, he would not have purchased it.

## Parties

8. Buhalis is a citizen of Wisconsin and resides in Chicago, Illinois in a basement where he has been provided temporary residence by charitable persons performing a kindness for a homeless wounded Marine veteran who is suffering from severe PTSD. Buhalis purchased the Audi while living in Chicago, Illinois and Champion Motors delivered to Chicago, Illinois. All communications with Defendants occurred when Buhalis was in Illinois.

9. Champion Motors is a Florida corporation with its principal place of business in Margate, Florida. It advertises automobiles for sale over the internet for sale throughout the United States including in Illinois.

10. Alen Rosa is a citizen of Florida and resides in Florida. Rosa is the Manager of Champion Motors. Rosa authorized the deceptive online Ebay listing for the Audi which was broadcast into Illinois. Rosa also made numerous misrepresentations and omissions of material fact over the telephone to Buhalis when he was in Illinois where Buhalis suffered his injuries as alleged herein. Rosa thus directly participated with Champion Motors in the consumer fraud which occurred in Illinois.

## Jurisdiction and Venue

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as Plaintiff and Defendant are completely diverse and the amount in controversy exceeds $75,000, excluding

costs and interest. Buhalis suffered at least $6,500 in diminished value damages, added shipping costs of $200, and $450 in sales tax. He also suffered at least $20,000 in aggravation, inconvenience, and emotional distress damages. He is entitled to punitive damages of at least tiple his actual damages totaling over $81,000 due to the willful and wanton nature of the Defendants' misconduct.

12.   Venue is proper in this district under 28 U.S.C. §1391(b)(2) because some of the events or omissions giving rise to Plaintiff's claims against Defendants occurred in this district and the parties contract requires filing suit in Broward County Florida.

## Common Facts

13.   On or about July 18, 2021, Buhalis saw Champion Motor's eBay listing for the Audi. Buhalis would not have even considered purchasing the Audi if he had known the Audi had a malfunctioning powertrain and worn-out suspension, leaked oil when driven, could not pass an emissions test and could not be driven safely.

14.   Thereafter because of Rosa and Champion Motor's knowing material omissions as alleged above, Buhalis contacted Champion Motor. He spoke to Rosa. On or about July 18, 2021, Rosa told Buhalis that the Audi was in perfect or amazing condition, "9 to 9-1/2 out of "10" and failed to disclose that its powertrain did not work, that its suspension was worn out and that the Audi was not operational, leaked oil, could not pass an emissions test and was dangerous to drive, among other material defects. On or about July 19, 2021, Buhalis spoke to Rosa again and asked if the Audi runs perfectly and if the suspension and tires were good. Rosa assured him that he didn't have anything to worry about, that the car was clean, drove well, was in amazing condition, had been serviced and checked and it was a turnkey purchase. Rosa did not disclose any of the known material negative information about the Audi. On July 20, 2021, Buhalis spoke to Rosa a

final time before purchasing the Audi and was again assured that it drove fine, was in amazing condition and would be taken to an Audi dealer for service and to verify that all recalls had been taken care of before being delivered to him. Rosa did not disclose all the known material negative information about the Audi. But for the misrepresentations and omissions by Rosa in the parties' conversations and by Rosa and Champion Motors in the deceptive online eBay listing, Buhalis would not have agreed to purchase the Audi.

15. Buhalis paid $9,000, added shipping costs of $200, and $450 in sales tax. See Exhibits 1-2 hereto.

16. When the Audi is driven, oil leaks under the vehicle, the front suspension is loose and there is erratic power delivery which is caused in part by an evaporation system leak. The Audi cannot be driven unless these items are repaired because it could suffer a catastrophic engine failure.

17. After learning that the Audi was unsafe to drive and simply a parts car, Buhalis repeatedly requested that Champion Motors unwind the transaction and refund the purchase price, and the shipping and taxes. Defendants refused and even reported Buhalis to the local Florida police for trying to obtain reimbursement of the wire transfer for the Audi, thus compounding Buhalis' stress.

18. The Audi suffers from the following defects (which Defendants, as experts in the used car market and having inspected the car) were aware of before selling the Audi to Buhalis:

> (A) Vehicle exterior: the missing and broken trunk liner, broken front grill, oil leaking, scratched body panels & dents, and numerous other defects.
>
> (B) Drivability: All-wheel drive, suspension and power train system do not work properly; the Audi is dangerous to drive, is not operational and cannot pass an emissions test.

19. On or about September 21, 2021, Buhalis took the car to Fletcher Jones Audi for an inspection. Fletcher Jones Audi's inspection revealed that the vehicle's powertrain and

suspension would need a minimum of $5,794.14 of repairs to be roadworthy and safe. Exhibit 3. The immediate pressing concerns are the evaporation system's emissions purge valve, front control arms, motor mounts, vacuum pump, oil leak, and more. The Audi is only worth the value of its parts, as the costs of repairs would not make commercial sense to expend on this car.

20. Buhalis has suffered actual damages of over $27,150. This includes the following: at least $6500 from the diminished value of the Audi, $200 shipping costs, $450 in sales taxes and emotional distress, aggravation and inconvenience damages of over $20,000. Buhalis is a wounded veteran who suffers from extreme PTSD. Not having essential transportation and becoming the victim of a consumer fraud has caused him to suffer extreme emotional distress compounded by his severe PTSD and from being a victim in the past of extreme trauma where he was taken advantage of. Defendants also caused Buhalis additional stress by filing a false and misleading police report against him simply because he asked his bank to retrieve the wire transfer to return the monies Defendants misappropriated from him due to their consumer fraud.

## **COUNT I**

**(Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act)**

21. Buhalis repeats and realleges herein Paragraphs 1-20.

22. The Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS 505/2, states in relevant part that:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful…

23. Additionally, the Illinois Motor Vehicle Code makes it "unlawful for any person to . . . knowingly permit to be driven or moved on any highway any vehicle . . . which is in such unsafe condition as to endanger any person or property …"  625 ILCS 5/12-101(a).

24. Thus, Defendants had a statutory obligation not to put unsafe cars on the road by deceiving Buhalis into purchasing an unsafe car that is not road worthy.

25. Buhalis is a consumer within the meaning of 815 ILCS 505/1(e).

26. Champion Motor's sale of the Audi constituted the sale of merchandise and commerce as defined by 815 ILCS 505/1(b).

27. Champion Motor's sales contract with Buhalis states it is governed by Florida law. This choice of law provision does not trigger a waiver of Buhalis's rights under the Consumer Fraud Act. Section 10c of the Act, 815 ILCS 505/10c, provides: "[a]ny waiver or modification of the rights, provisions, or remedies of this Act shall be void and unenforceable." *Tortoriello v. Gerald Nissan of N. Aurora, Inc.,* 379 Ill. App. 3d 214, 238 (2d Dist. 2008) (contractual waiver of punitive damages void under ICFA anti-waiver provision since the Act provides for punitive damages); *see also Flynn Beverage Inc. v. Joseph E. Seagram & Sons, Inc.*, 815 F. Supp. 1174, 1178 (C.D. Ill. 1993) (the Illinois Franchise Act's anti-waiver provision, 'which provides that "[a]ny stipulation or provision purporting to bind any person acquiring any franchise to waive compliance with any provision of this Act is void," would override a New York choice of law provision which would completely waive compliance with the Illinois Franchise Act.'").

28. Defendants misrepresented material facts to induce Buhalis to purchase the Audi in violation of the Consumer Fraud Act as alleged above, particularly in paragraph 14 above.

29.     In violation of the Consumer Fraud Act, Defendants also omitted to disclose the material facts that the Audi had numerous mechanical defects, was non-operational, dangerous to drive and not road worthy, absent expending more money than the Audi was worth.

30.     Defendants knowingly failed to disclose the non-operational and unsafe condition of the Audi resulting from the vehicle being un-merchantable, and in sub-standard condition. Champion Motors and Rosa had knowledge of these facts as Champion Motors inspected the Audi before selling it to Buhalis and Champion is an expert in determining the condition of used cars. The damaged and unsafe condition of the Audi is obvious to any knowledgeable person in the industry.

31.     Defendants intended for Buhalis to rely on their misrepresentations, half-truths, and/or omissions of material fact. Defendants knew that a consumer, like Buhalis, would not purchase the Audi if he knew of its true condition. Defendants also knew that Buhalis would not have purchased the Audi if he knew it was not operational, did not have a working power train, a worn out or damaged suspension and was unsafe to drive. Defendants also knew that they would have to vouch for the Audi's good condition to get a consumer like Buhalis to purchase it sight unseen over the telephone after viewing an Ebay listing.

32.     Defendants knew that the Audi was un-merchantable, in sub-standard condition, and dangerous to drive. Based on a simple inspection, any car dealer would have known the Audi was un-merchantable, in sub-standard condition, and dangerous to drive. The inspection of the Audi was made under Champion Motor's ownership and therefore Champion Motors and Rosa knew that the Audi was un-merchantable, in sub-standard condition, and dangerous to drive.

33.     Had Buhalis known the truth about the Audi, he would not have purchased it.

34. Rosa was involved in supervising the publication of the online Ebay listing for the Audi that Buhalis viewed and knew that Champion Motors was misrepresenting and omitting material facts in the sale of the Audi. Champion Motors, at the direction of or with the participation of Rosa, knowingly omitted from the online advertisement, material facts regarding the Audi's damaged, worn out, and unsafe condition.

35. Defendants also, on information belief (based on Buhalis's investigation), failed to pay $450 in state taxes although they escrowed and accepted $450 from Buhalis for that purpose.

36. As a direct and proximate result of Defendants' fraud, Buhalis suffered damages of over $27,150, including, but not limited to:

   a. Paying an inflated price for the vehicle;

   b. Shipping costs, and taxes;

   c. Aggravation, inconvenience, and emotional distress damages.

37. Buhalis has the option of unwinding the transaction and seeking recission damages and will make such election before trial.

38. Defendant' conduct was willful and wanton, calling for the imposition of at least treble punitive damages of over $81,000 to punish and deter similar conduct in the future and to stop Defendant from continuing to violate the Illinois Vehicle Code by putting unsafe cars on the road. Defendants have a pattern and practice of cheating other consumers in a similar manner to the way they cheated Buhalis. Dissatisfied customers/victims have repeatedly excoriated Champion Motors online for cheating consumers. www.yelp.com/biz/csm-motors-margate-3 and www.bbb.org/us/fl/margate/profile/used-car-dealers/csm-motors-0633-90042004.

WHEREFORE, Plaintiff Jason Buhalis requests that judgment be entered in his favor and against the Defendants as follows:

A. Actual damages in an amount to be proven at trial or recission of the transaction;

B. The costs incurred in this litigation, including expert fees;

C. Attorneys' fees;

D. Aggravation, inconvenience and emotional distress damages.

E. Punitive damages; and

F. Any other relief that the Court deems just.

## **DEMAND FOR JURY TRIAL**

Pursuant to FRCP 38(b), Plaintiff requests a trial by jury on the claims so triable.

Dated:  November 15, 2021              JASON BUHALIS

                                       By: /s/ Will Wright
                                           One of his Attorneys

Peter S. Lubin                         Will Wright
Patrick Austermuehle                   The Wright Law Office, P.A.
LUBIN AUSTERMUEHLE, P.C.               515 N. Flagler Drive, Suite P-300
17W220 22nd Street, Suite 410          West Palm Beach, FL 33401
Oakbrook Terrace, IL 60181             (561) 514-0904
(630) 333-0333                         willwright@wrightlawoffice.com
peter@l-a.law
patrick@l-a.law

Terrence Buehler
LAW OFFICES OF TERRENCE BUEHLER
19 South LaSalle, Suite 702
Chicago, IL. 60603
(312) 371-4385
tbuehler@tbuehlerlaw.com